FILED'08 JUL 22 14:48USDC·ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,
                    Plaintiff,

                                                        CV 08-122-PK

                                                        FINDINGS AND
v.                                                      RECOMMENDATION


VIDEO ONLY, INC.,
                    Defendant.
_____

PAPAK, Magistrate Judge:

    This action was filed January 28, 2007, by plaintiff Equal Employment Opportunity

Commission against defendant Video Only, Inc., to request injunctive relief ordering Video Only

to prepare, execute, and file accurate and complete Employer Information Report EEO-1 forms

("EEO-1 reports") for each calendar year from 2004 to the present, as well as such further

injunctive relief as the court deems appropriate. This court has jurisdiction over this action

pursuant to 28 U.S.C. §§ 1331, 1337, and 1345.


Page 1 - FINDINGS AND RECOMMENDATION

Now before the court is EEOC's motion for summary judgment (#17). In connection with its motion, EEOC has filed a Proposed Order of Judgment (#20), pursuant to which (i) this court would keep jurisdiction over this matter for five years, in order to ensure Video Only's future compliance with its reporting requirements, (ii) Video Only would be required to post for a period of five years a notice to its employees setting forth Video Only's EEO-1 reporting requirements, stating that Video Only has been required by court order to comply with them, and further stating that it would be a violation of federal law for Video Only to retaliate against its employees for availing themselves of their federally protected rights, (iii) Video Only would provide EEO-1 reports for all calendar years from 2004 through the present and thereafter, (iv) Video Only would be required to implement an EEO-1 reporting compliance training program, and (v) Video Only would pay EEOC's costs and fees incurred in connection with its motion. I have considered EEOC's motion and all of the pleadings on file. For the reasons set forth below, EEOC's motion should be granted in part and denied in part. The terms of the injunctive relief ordered by the court should differ in significant respects from the terms set forth in EEOC's proposed order, as discussed below.

### LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is not proper if material factual issues exist for trial. *See, e.g., Celotex Corp. v. Catrett*, 477 U.S. 318, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir.

Page 2 - FINDINGS AND RECOMMENDATION

1995), *cert. denied,* 116 S.Ct. 1261 (1996). In evaluating a motion for summary judgment, the

district courts of the United States must draw all reasonable inferences in favor of the nonmoving

party, and may neither make credibility determinations nor perform any weighing of the

evidence. *See, e.g., Lytle v. Household Mfg., Inc.,* 494 U.S. 545, 554-55 (1990); *Reeves v.*

*Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 150 (2000).

## FACTUAL BACKGROUND

### I.    Applicable Reporting Requirements

Pursuant to the Civil Rights Act of 1964, covered employers are required to "make and

keep such records relevant to the determinations of whether unlawful employment practices have

been or are being committed." 42 U.S.C. § 2000e-8(c)(1). More specifically:

> On or before September 30 of each year, every employer that is subject to title VII
> of the Civil Rights Act of 1964, as amended, and that has 100 or more employees
> shall file with the Commission or its delegate executed copies of Standard Form
> 100, as revised (otherwise known as "Employer Information Report EEO–1") in
> conformity with the directions set forth in the form and accompanying
> instructions.

29 C.F.R. § 1602.7. The Civil Rights Act provides that:

> If any person required to comply with the provisions of this subsection fails or
> refuses to do so, the United States district court for the district in which such
> person is found, resides, or transacts business, shall, upon application of the
> Commission. . . have jurisdiction to issue to such person an order requiring him to
> comply.

42 U.S.C. § 2000e-8(c)(3).

### II.    Material Facts

In early 2006, two former employees of Video Only filed lawsuits against their former

employer. In connection with those actions, EEOC made discovery requests seeking Video

Only's EEO-1 reports for the years 2004 to the present. When Video Only failed to produce the

Page 3 - FINDINGS AND RECOMMENDATION

requested reports in discovery, EEOC conducted a compliance review and determined that Video

Only had never filed an EEO-1 report for any year in which it had been in existence.

On March 28, 2007, EEOC sent Video Only a Notice of Violation letter. Video Only did

not respond to EEOC's notice.

In the course of responding to requests for admissions propounded in connection with the

2006 employee lawsuits against it, Video Only admitted that it had employed more than one

hundred employees who had worked at least twenty calendar weeks in each of calendar years

2005, 2006, and 2007. It was not asked to provide any such admission in connection with

calendar year 2004.

In August 2007, EEOC initiated a so-called "conciliation process," pursuant to which it

presented Video Only with a Conciliation Agreement under which Video Only would have been

required to file EEO-1 reports for 2006 and 2007 and thereafter. Video Only did not agree to

EEOC's proposed terms, and the conciliation process terminated in November 2007.

Video Only did not file its 2007 EEO-1 report as required by law on or before September

30, 2007.

On January 3, 2008, EEOC conducted a further compliance review and determined that

Video Only was still in noncompliance with its EEO-1 reporting obligations. This action

followed, on January 28, 2008.

## ANALYSIS

Video Only concedes its noncompliance with its clear EEO-1 reporting requirements.

The only dispute in this case is as to the appropriate scope of the relief to which EEOC is

entitled. 42 U.S.C. § 2000e-8(c)(3) provides this court with authority to issue an order requiring

Page 4 - FINDINGS AND RECOMMENDATION

compliance with the obligations imposed by 42 U.S.C. § 2000e-8, but does not contemplate the issuance of any broader injunctive relief.

As noted above, EEOC has submitted a proposed order of judgment pursuant to which this court would retain jurisdiction over this matter for a period of five years, and would order Video Only to comply with its present and future EEO-1 reporting obligations, to file EEO-1 reports for calendar years 2004-2007, to post notices describing its EEO-1 reporting obligations and the terms of this order in locations accessible by its employees, to implement an EEO-1 reporting compliance training program, and to pay EEOC's costs and fees incurred in connection with bringing this action.

As to the request that this court retain jurisdiction over this matter for five years, Video Only asserts that five years is excessive, but indicates that it would not object to retention of jurisdiction for a period of two years.  In light of Video Only's tacit stipulation to this court's retention of jurisdiction, and taking into account all of the facts established by the evidence in the record, I recommend that the court retain jurisdiction over this matter for a period of three years, subject to the proviso that the parties attempt in good faith to resolve amongst themselves any disputes that may arise as to Video Only's compliance obligations before invoking the court's retained jurisdiction.

As to the requested injunction ordering Video Only to comply with its present and future EEO-1 reporting obligations, it is clear both that the requested relief is appropriate and that this court enjoys the authority to issue the order. *See* 42 U.S.C. § 2000e-8(c)(3).  Video Only should therefore be ordered to file a timely 2008 EEO-1 report, and to file timely reports for each subsequent calendar year during which it is obligated by statute to do so.

Page 5 - FINDINGS AND RECOMMENDATION

As to the requested injunction to require Video Only to file EEO-1 reports for past calendar years 2004 to 2007, EEOC has submitted evidence, in the form of Video Only's discovery responses produced in connection with the 2006 employee lawsuits against it, sufficient to establish that Video Only was subject to EEO-1 reporting requirements in calendar years 2005, 2006, and 2007.  However, EEOC, which elected to file its motion for summary judgment in advance of propounding any discovery requests in this action, offers no competent evidence to suggest that Video Only was similarly subject to EEO-1 reporting requirements in calendar year 2004.

Because Video Only failed to comply with applicable reporting requirements in the period from 2005 to 2007, it is clear that this court has authority under Section 2000e-8(c)(3) to order the company to file EEO-1 reports for each calendar year within that period.  Moreover, it appears that past reports retain significant present value, both as tools for establishing patterns and practices of discriminatory behaviors and as discoverable evidence in private causes of action brought by members of the public.  Video Only should therefore be ordered to file EEO-1 reports for each of calendar years 2005, 2006, and 2007, by not later than September 30, 2008, the statutory deadline for filing a timely 2008 report.  However, the motion should be denied to the extent it seeks an order requiring Video Only to file an EEO-1 report for calendar year 2004.

As to the requested injunction to require Video Only to post employee notices describing its EEO-1 reporting obligations, the requested relief falls outside the express jurisdictional grant of authority to issue injunctive relief codified at Section 2000e-8(c)(3).  There is no clear logical relationship between the requested employee notices and ensuring Video One's compliance with its reporting obligations.

As to the requested injunction to require Video Only to implement a compliance training program, EEOC has submitted evidence sufficient to establish the dilatoriness and inadequacy of Video Only's responses to repeated notifications of its reporting requirements. Video Only should therefore be ordered to implement a formal training program offering appropriate guidance to appropriate employees as to Video One's EEO-1 reporting obligations, such training to be mandatory on an annual basis for the three year period during which this court retains jurisdiction over this matter.

As to the request for an award of fees and costs incurred in bringing this action, EEOC concedes that no statutory basis exists in Title VII to authorize such an award. However, EEOC argues that such an award could be appropriate pursuant to Local Rule 7.1, which requires parties to "ma[k]e a good faith effort through personal or telephone conferences to resolve the dispute" before a motion is filed. L.R. 7.1(a). EEOC suggests that counsel for Video Only was dilatory in failing to "discuss legitimate defenses" with EEOC before EEOC filed the motion now before the court. However, the evidence in the record does not establish that Video Only acted in bad faith in requiring EEOC to file its motion; to the contrary, the evidence establishes that the parties differed in good faith as to the scope of Video Only's compliance obligations. Local Rule 7.1 provides no authority for award of attorney fees here.

## CONCLUSION

For the reasons set forth above, this court recommends that EEOC's motion for summary judgment (#17) be granted in part and denied in part as follows. Video Only should be ordered (i) to file a timely 2008 EEO-1 report, and to file timely reports for each subsequent calendar year during which it is statutorily obliged to do so, (ii) to file EEO-1 reports for each of calendar years

Page 7 - FINDINGS AND RECOMMENDATION

2005, 2006, and 2007, by not later than September 30, 2008, and (iii) to implement a formal training program offering appropriate guidance to appropriate employees as to Video One's EEO-1 reporting obligations, such training to be mandatory on an annual basis for three years following the date hereof. This court should retain jurisdiction over this matter for a period of three years, subject to the proviso that the parties attempt in good faith to resolve amongst themselves any disputes that may arise as to Video Only's compliance obligations before invoking the court's retained jurisdiction, to ensure Video Only's continuing compliance with its obligations. The motion should be denied in all other respects.

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due August 5, 2008. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

Dated this 22nd day of July, 2008.

Honorable Paul Papak
United States Magistrate Judge