UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EQUAL EMPLOYMENT OPPORTUNITY                            CV 08-122-PK
COMMISSION,

                Plaintiff,                            OPINION AND ORDER

      v.

VIDEO ONLY, INC.,

                Defendant.
_____

REDDEN, Judge:

      On July 22, 2008, United States Magistrate Judge Paul Papak issued his Findings and

Recommendation (doc. 29) that the Equal Employment Opportunity Commission's ("EEOC")

Motion for Summary Judgment (doc. 17) be granted in part and denied in part.

      The matter is now before this court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal

Rules of Civil Procedure 72(b) and 54(d)(2)(D).  The magistrate judge only makes

PAGE 1 - OPINION AND ORDER

recommendations to the district court, and the district "may accept, reject, or modify the

recommended decision, receive further evidence, or recommit the matter to the magistrate judge

with instructions." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Any party may file written objections to the magistrate judge's recommendations.  28

U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  When a party timely objects to any portion of the

magistrate judge's Findings and Recommendation, the district court must conduct a *de novo*

review of the portions of the Findings and Recommendation to which objections are made.  28

U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); McDonnell Douglas Corp. v. Commodore Business

Machines, 656 F.2d 1309, 1313 (9th Cir. 1981), cert. denied, 455 U.S. 920 (1982).  The district

court is not, however, required to review the factual and legal conclusions of the magistrate

judge, to which the parties do not object.  Thomas v. Arn, 474 U.S. 140, 149 (1985); United

States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003).

EEOC timely filed an objection to Magistrate Judge Papak's Findings and

Recommendation.  Although it "does not challenge the court's recommendation as to attorney

fees" or injunctive relief, EEOC maintains that "it is entitled to recover its costs as the prevailing

party in this action." Pl.'s Objection, at 2.  Magistrate Judge Papak made no specific

recommendation regarding the issue of costs, and Defendant Video Only, Inc. ("Video Only")

does not dispute EEOC's entitlement to such an award as the prevailing party.  Def.'s Resp. to

EEOC's Objection, at 2.  Accordingly, I will remand the matter to Magistrate Judge Papak to

award litigation costs to EEOC as the prevailing party.

Because the parties do not dispute any of Magistrate Judge Papak's specific findings, I

ADOPT the Findings and Recommendation (doc. 29) as my own opinion.  EEOC's motion for

summary judgment is GRANTED in part, and denied in part, as follows:  Video Only shall (I) timely file an EEO-l report for 2008, as well as each subsequent calendar year during which it is statutorily obliged to do so, (ii) file EEO-l reports for each of calendar years 2005,2006, and 2007, by not later than September 30,2008, and (iii) implement a formal training program offering appropriate guidance to appropriate employees as to Video One's EEO-1 reporting obligations, such training shall be mandatory on an annual basis for three years following the date hereof.  This court shall retain jurisdiction over this matter for a period of three years, subject to the proviso that the parties attempt in good faith to resolve amongst themselves any disputes that may arise as to Video Only's compliance obligations before invoking the court's retained jurisdiction.  EEOC's motion is denied in all other respects, except that the matter is remanded to Magistrate Judge Papak to determine an award of costs to EEOC as the prevailing party.

IT IS SO ORDERED.

DATED this  8th  day of September, 2008.


/s/ James A. Redden
James A. Redden
Senior United States District Judge

PAGE 3 - OPINION AND ORDER